IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CHRISTOPHER I., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, <br> Acting Commissioner of Social Security, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION DENYING DISABILITY BENEFITS <br><br> Case No. 2:21-cv-00723-CMR <br><br> Magistrate Judge Cecilia M. Romero |

The parties in this case have consented to the undersigned conducting all proceedings (ECF 12). 28 U.S.C. § 636(c). Plaintiff, pursuant to 42 U.S.C. § 405(g), seeks judicial review of the decision of the Acting Commissioner of Social Security (the Commissioner) denying his claim for disability insurance benefits (DIB) and supplemental security income (SSI) under Titles II and XVI of the Social Security Act (Act). After careful review of the entire record (Tr.) (ECF 16–19), the parties' briefs (ECF 25, 27, 30), and arguments presented at a hearing held on January 27, 2023 (ECF 33), the court holds that the Commissioner's decision is supported by substantial evidence and is therefore AFFIRMED for the reasons discussed below.

## I.   BACKGROUND

Plaintiff applied for DIB and SSI in July 2019, alleging an amended onset date of December 3, 2019, which coincided with the amputation of his left leg (Tr. at 135, 219–20, 361–76; *see also* Tr. at 247–48, 261 (listing other alleged impairments and an earlier alleged disability onset)). The

1

ALJ's May 2021 decision denying Plaintiff's application (Tr. at 132–46) became the Commissioner's final decision when the Appeals Council denied his request for review (Tr. at 1–4). 20 C.F.R. § 404.981. Plaintiff was 29 years old on his disability onset date of 12/03/19 (Tr. 220). In the decision, the ALJ determined Plaintiff had severe impairments of below the left knee amputation, post-traumatic stress disorder (PTSD), generalized anxiety disorder, and bipolar II disorder (Tr. 136). The ALJ found that Plaintiff's obesity, substance abuse, were non-severe impairments (Tr. 137); and that the lower extremity amputation was not a medically determinable impairment (Tr. 138).

At step three, the ALJ considered Plaintiff's physical impairments under Listing(s) 1.20D for a listed impairment, finding the criteria not met (Tr. 137). The ALJ considered Plaintiff's mental impairments under Listing(s) 12.04, 12.06, and 12.15 finding mild limitation in interacting with others and adapting or managing oneself. The ALJ found a moderate limitation in understanding, remembering, or applying information and concentrating, persisting, or maintaining pace (Tr. 138).

At step four, the ALJ determined Plaintiff had the residual functional capacity (RFC) to perform sedentary work with additional limitations including: the ability to lift and/or carry 10 pounds during an 8-hour workday, with combined standing and/or walking of 2 hours in an 8-hour workday; and sitting for 6 hours (20 CFR 404.1567(a) and 416.967(a)). The ALJ also determined the claimant was able to use left foot controls for less than one-third of an 8-hour workday; was able to climb ladders, ropes, stairs or ramps for less than one-third of an 8- hour workday; perform all other postural activities up to one-third of an 8-hour workday; and could be exposed to hazards

up to one-third of an 8-hour workday. The ALJ found that, mentally, the claimant could perform simple, routine, repetitive tasks in a low-stress work environment. (Tr. 140).

The ALJ weighed all medical opinions including State agency physician Dr. Tucker, which the ALJ found partially persuasive (Tr. 143-44). State agency psychiatric Zaloudek, which the ALJ found "neither valuable nor persuasive in accordance with 20 CFR 404.1520b(c) and 416.920b(c)." (Tr. 143). Susan Macnamara, which was also unpersuasive. (Tr. 143). CE medical Frank Powers, MD at Exhibit 8F, was of limited persuasiveness. The medical source statement of Mayra Martinez, LCSW at Exhibit 11F was not persuasive. (Tr. 144) The medical source statement of Benjamin Scoma from Valley Behavioral Health at Exhibit 14F was also not persuasive. (Tr. 145).

Still at step four, the ALJ found that, given this RFC, he was not able to perform past relevant work as actually or generally performed (Tr. 145). Consistent with vocational expert testimony, the ALJ found at step five that Plaintiff could perform jobs existing in significant numbers in the national economy, including semiconductor bonder, lens installer, and egg processor, all sedentary SVP 2 work (Tr. 146). The ALJ therefore concluded that he was not disabled and denied disability benefits (Tr. 146). The Appeals Council then denied Plaintiff's request for review (Tr. 1), making the ALJ's decision the Commissioner's final decision for purposes of judicial review. See 20 C.F.R. §§ 404.981; 422.210(a). This appeal followed.

## II. STANDARD OF REVIEW

The court's review is specific and narrow. As the United States Supreme Court has reiterated, "[o]n judicial review, an ALJ's factual findings . . . 'shall be conclusive' if supported by 'substantial evidence.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1153 (2019) (quoting 42 U.S.C.

§ 405(g)). The threshold for substantial evidence is "not high." *Id.* at 1154. Substantial evidence is "more than a mere scintilla"; it means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Consolidated Edison Co. of New York v. NLRB*, 305 U.S. 197, 229 (1938)). Under this deferential standard, the court may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014) (quoting *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994)). Under this legal standard, the ALJ's decision is affirmed.

## III. DISCUSSION

The question here is whether substantial evidence supports the ALJ's finding at step three that Plaintiff's severe impairments did not meet or medically equal the criteria in listing 1.20D for amputation due to any cause (ECF 25 at 12; Tr. at 138–40). 20 C.F.R. § 404.1520(a)(4)(iii) (at the third step, ALJ's consider if a claimant has an impairment that meets or equals a listing); 20 C.F.R. Pt. 404, Subpt. P., App. 1, § 1.20D; *see also* 20 C.F.R. § 404.1525.

Listing 1.20D requires: "Amputation of one or both lower extremities, occurring at or above the ankle . . . with complications of the residual limb that have lasted, or are expected to last, for a continuous period of at least 12 months, *and* medical documentation of 1 and 2," which are (1) the inability to use a prosthesis; and (2) a documented medical need for a walker or other devices described listing 1.20D. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.20D.

The relevant time period here is from the date of December 3, 2019, which is the amended alleged disability onset through the date of the ALJ's May 3, 2021 decision (Tr. at 136, 146, 220). Listing 1.20D was effective on April 2, 2021. *See* Revised Medical Criterial for Evaluating

Musculoskeletal Disorders, 85 Fed. Reg. 78164-01, 2020 WL 7056412 (Dec. 3, 2020). No doctor evaluated Plaintiff's condition under listing 1.20D, and listing 1.20D became effective after the ALJ's March 2021 hearing. The ALJ correctly noted in the decision that the prior listing 1.05B was replaced by listing 1.20D (Tr. at 138).

However, this case presents an peculiar situation where listing 1.20D was adopted after the prior administrative medical findings, and no medical expert or other medical source considered whether Plaintiff's impairments met or medically equal the criteria in listing 1.20D. Notwithstanding, Plaintiff conceded that his argument that no physician or medical professional commented on whether his impairments met or medically equaled the requirements for listing 1.20D was not raised in his opening brief, and therefore it is waived. *See Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012) ("We will consider and discuss only those of [Plaintiff's] contentions that have been adequately briefed for our review."). The court therefore does not consider this argument.

The court concludes that ALJ's decision is supported by substantial evidence as argued by Defendant. The ALJ considered evidence showing that since mid-2020, Plaintiff "was able to walk 30-45 minutes at a time on his prosthetic, with no additional evidence of handheld assistive device use after October 2020" (Tr. at 142, 1571, 1574, 1578). Although not every relevant fact about Plaintiff's condition was addressed by the ALJ, he provided sufficient rational for the court to determine that the ALJ's decision was supported by substantial evidence. Holding otherwise would require the court to reweigh the evidence. *See Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) ("We may not displace the agency's choice between two fairly conflicting views, even though the

court would justifiably have made a different choice had the matter been before it de novo.") (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)); *Wall v. Astrue,* 561 F.3d 1048, 1067 (10th Cir. 2009) (the Tenth Circuit will generally find the ALJ's decision adequate if it discusses the uncontroverted evidence the ALJ chooses not to rely upon and any significantly probative evidence the ALJ decides to reject)).

The court is unpersuaded by Plaintiff's argument that the ALJ did not properly address the evidence at step three of the disability adjudication process (ECF 25 at 12). The ALJ's discussion was adequate because Social Security Ruling (SSR) 17-2p explains that:

> If an adjudicator at the hearings . . . level believes that the evidence already received in the record does not reasonably support a finding that the individual's impairment(s) medically equals a listed impairment, the adjudicator is not required to articulate specific evidence supporting his or her finding that the individual's impairment(s) does not medically equal a listed impairment. Generally, a statement that the individual's impairment(s) does not medically equal a listed impairment constitutes sufficient articulation for this finding.

2017 WL 3928306, at *4. Under SSR 17-2p, an ALJ is not required to cite specific evidence supporting a finding that an impairment does not medically equal a listed impairment, and a statement of non-equivalence will suffice. *See id.*; *see generally Deloney v. Saul*, 840 F. App'x 1, 4 (7th Cir. 2020). Here, the ALJ's discussion met that standard (Tr. at 138–39).

Additionally, the court finds that the case cited by Plaintiff, *Clifton v. Chater,* 79 F.3d 1007 (10th Cir. 1996), is distinguishable (ECF 25 at 14). The ALJ in *Clifton* merely stated that the claimant's impairments did not meet or medically equal the requirements for a listing, and the ALJ did not discuss the evidence or his reasons for that determination or identify the relevant listing. *See Clifton*, 79 F.3d at 1009–10. Here, the ALJ identified the relevant listing, which was consistent

with SSR 17-2p, and the ALJ cited the relevant records as part of the RFC discussion (Tr. at 138–39, 141–45). *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 733 (10th Cir. 2005) ("an ALJ's findings at other steps of the sequential evaluation process may provide a proper basis for upholding a step three conclusion that a claimant's impairments do not meet or equal any listed impairment").

Finally, the court acknowledges that the evidence indicated Plaintiff reported a very limited ability to walk on his left leg prosthesis, but the ALJ considered the evidence containing the reported limits (Tr. 141–42). The ALJ's decision was supported by substantial evidence, and the court may not reweigh this evidence. *Biestek*, 139 S. Ct. at 1153; *Lax*, 489 F.3d at 1084.

## IV. CONCLUSION

The ALJ's decision is supported by substantial evidence and the correct legal standards were applied. The Commissioner's final decision is therefore AFFIRMED. Judgment shall be entered in accordance with Fed. R. Civ. P. 58, consistent with the Supreme Court's decision in *Shalala v. Schaefer*, 509 U.S. 292, 296–304 (1993).

DATED this 21 March 2023.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah